UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

ALBERTO QUINONEZ,

    Plaintiff,

v.

BROWARD SHERIFF GREGORY TONY, and
WILLIAM CRUZ, individually,

    Defendants.
_____/

**COMPLAINT**

    1)    This a civil action by ALBERTO QUINONEZ seeking money damages in excess of $50,000, exclusive of costs and interest against WILLIAM CRUZ, individually, and GREGORY TONY, in his capacity as SHERIFF OF BROWARD COUNTY ("SHERIFF").

    2)    This action is brought pursuant to 42 U.S.C. § 1983 and § 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution. The United States District Court for the Southern District of Florida has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1331, and 28 U.S.C. § 1343. PLAINTIFF further invokes the supplemental jurisdiction of the United States District Court to hear pendant State tort claims arising under State law, pursuant to 28 U.S.C. § 1367(a).

    3)    The terms "false arrest", "illegal detention", and "false imprisonment" are used interchangeably throughout this pleading and it is intended they mean the same thing.

## PARTIES

4) At all times material, PLAINTIFF ALBERTO QUINONEZ ["QUINONEZ"] was a resident of Broward County, Florida, and *sui juris*.

5) Defendant, GREGORY TONY ["SHERIFF"or "BSO"] is the Sheriff of Broward County, Florida, and is otherwise *sui juris*. GREGORY TONY is sued in his official capacity.

6) At all times material hereto, Defendant WILLIAM CRUZ [hereinafter "CRUZ"] was over 18 years of age and was *sui juris*.

7) At all times material, CRUZ was a deputy sheriff, employee, agent and a law enforcement officer of BSO and is being sued in his individual capacity. At all times material, CRUZ was acting under the color of state law.

8) At all times relevant hereto, Defendant CRUZ was a deputy sheriff employed by SHERIFF and was acting in the course and scope of his employment for SHERIFF as a deputy sheriff.

9) All conditions precedent to the filing of this lawsuit have been fulfilled pursuant to Florida Statutes §768.28.

10) PLAINTIFF presented his claims in writing to SHERIFF by means of a letter of demand for damages within three (3) years of the accrual of cause of action.

11) DEFENDANT SHERIFF never made final disposition of the written claims of PLAINTIFF within six (6) months of his presentation.

.

## FACTS

12) On or about December 24, 2019, PLAINTIFF was driving his vehicle on Federal Highway in Dania Beach, Broward County, Florida.

13) PLAINTIFF observed a Broward Sheriff marked vehicle being driven improperly and erratically including changing lanes multiple times without signaling.

14) The Sheriff vehicle was being driven by the defendant CRUZ.

15) At all times, PLAINTIFF was not engaged in any criminal conduct.

16) At all times, no probable cause nor reasonable suspicion existed that PLAINTIFF was committing any crime, had committed any crime, or was going to commit any crime. At all times, there was no legal basis to believe that PLAINTIFF was armed or posed a risk of danger to CRUZ or anyone.

17) While driving, PLAINTIFF signaled to CRUZ complaining about CRUZ's driving.

18) CRUZ pulled into the location of a car wash business and stopped.

19) PLAINTIFF followed CRUZ and also pulled into the car wash business.

20) PLAINTIFF entered the drive-in line to the wash adjacent to where CRUZ had stopped.

21) While seated in his car, PLAINTIFF began to call out to CRUZ complaining of the improper driving of CRUZ.

22) Both CRUZ and PLAINTIFF exited their respective vehicles.

23) During the course of the events that followed, PLAINTIFF walked around CRUZ and his vehicle while video recording while talking loudly directed at CRUZ.

24) At some point, the owner of the car wash observed the two vehicles and asked PLAINTIFF and CRUZ to move their vehicles.

25) Immediately, PLAINTIFF entered his vehicle and then drove his car from the drive-in lane to an adjacent empty parking lot and parked legally. There were no signs stating there was any restriction on parking.

26) No customers from the car wash nor any bystander or rubbernecker reacted in any way to PLAINTIFF's actions or words.

27) The car wash owner was unaffected by PLAINTIFF's actions and words although noting PLAINTIFF was irate.

28) The car wash owner's sole purpose for engaging with PLAINTIFF and CRUZ was to have them remove their vehicles from the entry into his car wash. While the owner noticed that PLAINTIFF was upset, he did not distinguish nor analyze the words spoken or jabbered.

29) At no time did the words used by PLAINTIFF rise to the level of "fighting words" because the words neither inflicted injury nor tended to incite an immediate breach of the peace.

30) At no time did PLAINTIFF pose an imminent threat to others.

31) No one was incited to engage in an immediate breach of the peace.

32) At all times, PLAINTIFF was exercising his First Amendment right to record and speak and protest.

33) At no time did CRUZ observe any conduct by PLAINTIFF that created a reasonable suspicion of criminal activity.

34) Upon parking his car, PLAINTIFF began to lock his car, put the convertible top up, and secure his car. At that time CRUZ walked over 100 feet to PLAINTIFF and his car.

35) PLAINTIFF engaged in a conversation with CRUZ.

36) At all times when PLAINTIFF was engaged in conversation with CRUZ, PLAINTIFF acted peaceably.

37) When PLAINTIFF refused to provide identification, he was handcuffed.

38) CRUZ then arrested PLAINTIFF for the charge of disorderly conduct, in violation of Florida Statute 877.03.

39) PLAINTIFF was then taken to jail and booked.

40) The State Attorney filed a No information.

41) Subsequent to the arrest of PLAINTIFF, Sheriff's deputies caused PLAINTIFF's car to be towed to a towing yard without legal authority and legal cause. At the time of arrest PLAINTIFF was outside and away from his car. No criminal activity occurred in the car and the car and its contents did not contain any evidence of criminal activity.

42) PLAINTIFF was later required to pay a fee of $347.00 to retrieve his car which was illegally towed by other Sheriff deputies.

43) On August 18, 2018, CRUZ admitted he violated BSO policy 2.5.1 Reporting, 2.4 Neglect of Duty, and 2.4 Meeting BSO Standards. He received the sanction of a written reprimand

44) On April 11, 2019, CRUZ received a suspension of 691 days and then be placed on 12 months probation for the following violations in two Professional Compliance case numbers 06-17-0125 and 04-17-0078.

45) In case no. 06-17-0125 CRUZ was found to have violated the following provisions of BSO Policy and for which he admitted culpability:

        BSO Policy 2.6.1     Promptness

    BSO Policy 2.15  Leaving Post

    BSO Policy 2.4.1  Neglect of Duty

    BSO Policy 2.5.1  Reporting

    BSO Policy 2.3  Conduct Unbecoming an Employee

46) In case no. 04-17-0078 CRUZ was found to have violated the following provisions of BSO Policy and for which he admitted culpability.

    BSO Policy 2.1.1.  Conformity to Laws, to wit: Fla. Stat. 839.13(1), Falsifying Records

    BSO Policy 2.5.2  Truthfulness

    BSO Policy 2.4.1  Neglect of Duty

    BSO Policy 2.26.7  Taking Suitable Action

    BSO Policy 2.3  Conduct Unbecoming an Employee

47) On May 13, 2015, CRUZ received a written reprimand for a violation of BSO Policy 15.5 Computer Usage

.

## COUNT 1 - FALSE ARREST OF PLAINTIFF AGAINST SHERIFF

48) The averments of paragraphs 1 - 47 are repeated herein.

49) The actions by CRUZ as an agent of SHERIFF in arresting, handcuffing and detaining PLAINTIFF without probable cause nor legal cause nor reasonable suspicion constitute false arrest of PLAINTIFF.

50) As a direct and proximate result of CRUZ's false arrest of PLAINTIFF, PLAINTIFF suffered grievously, was brought into public scandal with great humiliation, mental suffering, and damaged reputation.

51) As a further direct and proximate result of CRUZ's false arrest of PLAINTIFF, he suffered loss of his liberty and freedom, cost of bond, great humiliation, mental suffering, mental anguish, and loss of capacity for the enjoyment of life. PLAINTIFF's losses are either permanent or continuing and will suffer the losses in the future.

WHEREFORE, PLAINTIFF prays in regard to the DEFENDANT SHERIFF:

a) Judgment for compensatory damages in excess of $75,000;

b) Costs of suit;

c) Prejudgment interest;

d) Trial by jury as to all issues so triable; and

e) Such other relief as this Honorable Court may deem just and appropriate.

### COUNT 2- 42 U.S.C. § 1983 VIOLATION OF CIVIL RIGHTS CLAIM (FOURTH AMENDMENT) OF PLAINTIFF AGAINST DEFENDANT CRUZ

52) The averments of paragraphs 1 - 47 are repeated herein.

53) CRUZ caused PLAINTIFF's false arrest in the absence of probable cause, legal cause or any reasonable suspicion that PLAINTIFF committed any criminal offense or was otherwise engaged in criminal activity and in violation of his clearly established rights under the Fourth Amendment and 42 U.S.C. § 1983.

54) At all times material, CRUZ acted under the color of the statutes, customs, ordinances, and usage of the State of Florida in the course and scope of employment as deputies of DEFENDANT Sheriff.

55) The actions of CRUZ constitute false arrest of PLAINTIFF.

56) As a direct and proximate result of the false arrest of PLAINTIFF by CRUZ for the said offense, PLAINTIFF suffered grievously, was brought into public scandal with great humiliation, mental suffering, and damaged reputation.

57) While CRUZ was acting under the authority of the State of Florida and under color of law as a deputy sheriff in the employ of DEFENDANT Sheriff, he subjected PLAINTIFF to the deprivation of the rights and privileges secured to him by the Constitution of the United States to be secure in his person under the Fourth and Fourteenth Amendments within the meaning of 42 U.S.C. § 1983.

58) With regard to the violations of the constitutional rights of PLAINTIFF as alleged in this count, the actions of CRUZ were done with malicious intent, ill will, spite, intent to injure, evil motive, wickedness, formed design to injure or oppress PLAINTIFF and were done with a reckless or callous indifference to PLAINTIFF's federally protected rights entitling PLAINTIFF to an award of punitive damages against in his individual capacity.

59) As a direct and proximate result of the above-mentioned unconstitutional acts of CRUZ, PLAINTIFF suffered mental anguish, cost of bond, loss of capacity for the enjoyment of life, physical injury, humiliation personally, and loss of his liberty and freedom and civil rights. He suffered grievously, was brought into public scandal with great humiliation, endured mental suffering and aggravation of his physical and mental condition and suffered a damaged reputation

as well as damage to his property. PLAINTIFF's losses are either permanent or continuing and PLAINTIFF will suffer the losses in the future, in violation of PLAINTIFF's civil rights.

WHEREFORE, PLAINTIFF prays against Defendant CRUZ:

a) Judgment for compensatory damages and punitive damages in excess of $75,000;

b) Cost of suit;

c) Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

d) Prejudgment interest;

e) Trial by jury as to all issues so triable; and

f) Such other relief as this Honorable Court may deem just and appropriate.

# COUNT 3

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIM BY PLAINTIFF AGAINST DEFENDANT SHERIFF

For his cause of action against DEFENDANT SHERIFF in Count 3, PLAINTIFF states:

60) PLAINTIFF realleges and adopts, as if fully set forth in Count 3, the allegations of paragraphs 1-47.

61) As a result of the actions of DEFENDANT CRUZ, PLAINTIFF including his handcuffing, he suffered an impact, emotional distress and psychological trauma.

62) At all times CRUZ were acting under the authority of the State of Florida and under color of law as a deputy sheriff of the SHERIFF, and in such capacity, as agent servant and employee of the SHERIFF.

63) The psychological trauma and emotional distress caused PLAINTIFF to suffer from severe depression, post-traumatic stress disorder and other physical and mental health injuries.

64) As a direct and proximate result, PLAINTIFF suffered bodily injury and resulting pain and suffering, loss of his freedom, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life. He suffered grievously, was brought into public scandal with great humiliation, endured emotional distress in the form of shame, humiliation, degradation, mental suffering and aggravation of his physical and mental condition. The losses and damages are either permanent or continuing in nature and PLAINTIFF will suffer the losses and damages in the future.

WHEREFORE, PLAINTIFF prays:

    a. Judgment for compensatory damages against DEFENDANT SHERIFF in excess of $75,000;

    b. Cost of suit;

    c. Trial by jury as to issues so triable; and

    d. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 4

### BATTERY CLAIM BY PLAINTIFF AGAINST DEFENDANT SHERIFF

65) The averments of paragraphs 1 - 47 are repeated herein.

66) A battery is defined as an unlawfully touching or striking or the use of force against the person of another with the intention of bringing about a harmful or offensive contact or apprehension thereof.

67) The battery consisted of the unlawful touching of PLAINTIFF by CRUZ.

68) At all times DEFENDANT CRUZ acting under the authority of the State of Florida and under color of law as a deputy sheriff of the SHERIFF, and in such capacity, as agent, servant, and employee of the SHERIFF.

69) The conduct of DEFENDANT CRUZ caused harmful or offensive contact with PLAINTIFF.

70) As a direct and proximate result of the battery, PLAINTIFF suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering.

71) The losses are either permanent or continuing and PLAINTIFF will suffer the losses in the future.

72) As a further direct and proximate result of the said battery, PLAINTIFF further suffered mental anguish, endured suffering and aggravation of his physical and mental condition and suffered loss of capacity for the enjoyment of life, and humiliation personally.

WHEREFORE, PLAINTIFF prays:

a. Judgment for compensatory damages against DEFENDANT SHERIFF for compensatory damages in excess of $50,000;

b. Costs of suit;

c. Trial by jury as to all issues so triable; and

d. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 5

## SECTION 1983 FIRST AMENDMENT RETALIATION - DEFENDANT CRUZ

For his cause of action against DEFENDANT CRUZ in Count 5, PLAINTIFF states:

73) PLAINTIFF realleges and adopts as if fully set forth in Count 5, the allegations of paragraphs 1 through 47.

74) The false imprisonment and detention of PLAINTIFF by CRUZ as alleged in Counts 1 and 2 was a result of and motivated by a retaliation against CRUZ for his words and actions to CRUZ when PLAINTIFF confronted CRUZ which included PLAINTIFF's calling our CRUZ for the manner in which CRUZ was driving, PLAINTIFF's recording of CRUZ and PLAINTIFF's refusal to kow-tow to CRUZ.

75) The conduct of CRUZ towards PLAINTIFF constitutes unlawful retaliation in violation of PLAINTIFF clearly established rights under the First, Fourth, and Fourteenth Amendments and 42 U.S.C. § 1983 and would likely deter a person of ordinary firmness from the exercise of First Amendment rights.

76) As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, PLAINTIFF has suffered bodily injury and resulting pain and suffering, loss of his freedom, and cost of bond suffered grievously, was brought into public scandal with great humiliation, endured emotional distress in the form of shame, humiliation, degradation, mental suffering and suffered damaged reputation. The losses and damages are either permanent or continuing in nature and PLAINTIFF CARTY will suffer the losses and damages in the future.

WHEREFORE, PLAINTIFF prays:

  a) Judgment for compensatory damages in excess of $ 15,000 dollars against Defendant CRUZ;

  b) Judgment for exemplary damages against Defendant CRUZ;

  c) Costs of suit;

  d) Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

  e) Trial by jury as to issues so triable; and

  f) Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 6

### CONVERSION CLAIM BY PLAINTIFF AGAINST SHERIFF

For his cause of action against DEFENDANT SHERIFF, in Count 6, PLAINTIFF states:

77) PLAINTIFF realleges and adopts, as if fully set forth in Count 6, the allegations of paragraphs 1 through 47.

78) DEFENDANT SHERIFF converted to his own use the vehicle of PLAINTIFF when the SHERIFF through the actions of his deputies had the car towed

WHEREFORE, PLAINTIFF prays:

  a) Judgment for compensatory damages in an amount of $347.00 against DEFENDANT SHERIFF;

  b) Exemplary damages against DEFENDANT SHERIFF;

  c) Cost of suit;

  d) Trial by jury as to all issues so triable; and

e) Such other relief as this Honorable Court may deem just and appropriate.

GARY KOLLIN, P.A.
1856 N. Nob Hill Road, Suite 140
Ft. Lauderdale, FL 33322
Telephone:   (954) 723-9999
Fax:          (954) 791-6565
garykollin@garykollinlaw.com
pleadings@garykollinlaw.com

By: /s/ Gary Kollin
Florida Bar No. 282431